UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELY STATE PRISON DISTRICT OF NEVADA, et al.,<br><br>　　　　Defendants. | Case No.: 3:23-cv-00463-MMD-CSD<br><br>**ORDER**<br><br>(ECF Nos. 4, 5, 6) |

　　　　This is one of numerous civil-rights actions under 42 U.S.C. § 1983 that *pro se* Plaintiff Tyrone Noel Nunn, an inmate in the custody of the Nevada Department of Corrections, has filed since September 2023.  On October 12, 2023, this Court ordered Plaintiff to submit a complaint and either pay the full $402 filing fee for a civil action or file a complete application to proceed *in forma pauperis* ("IFP") on or before December 12, 2023. (ECF No. 3).  Before that deadline expired, Plaintiff filed a document titled "Initiation of Actions" that is a collection of handwritten statutes, a vague "affidavit" about exhaustion of administrative remedies, multiple *ex parte* requests for the appointment of counsel, prison classification papers, documents from one of Plaintiff's state criminal cases, an incomplete IFP application, and a proposed summons.  (ECF Nos. 4, 5).  Plaintiff subsequently filed a document which appears to be a motion to consolidate several cases and includes several more requests for appointment of counsel and affidavits.  (ECF No. 6).

　　　　For the reasons discussed below, the Court denies Plaintiff's requests for appointment of counsel and grants him a final extension of time to file a single, complete complaint and either pay the full $402 filing fee or file a completed financial certificate on this Court's approved form.

**I.　　DISCUSSION**

　　　　**A.  Plaintiff must file a single, complete complaint.**

　　　　"A civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P.

3. Generally, a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." Nev. Loc. R. LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a). Furthermore, a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Furthermore, "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). And duplicative litigation by a litigant who is proceeding under IFP status can be dismissed as malicious and thus constitute a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

It is not clear whether any of the documents that Plaintiff filed are intended to constitute a complaint. Plaintiff's filings include at least 11 different documents with titles indicating that they are some combination of a motion for appointment of counsel, an affidavit, and a civil rights complaint. (ECF No. 4 at 11, 21; ECF No. 6 at 4, 9, 12, 22, 25, 27, 37, 40, 45). These documents include different claims and different defendants. (*Id.*). Some of them are duplicates from other cases (ECF No. 6 at 45-48), and all of them have been simultaneously filed in multiple other cases. (*See* ECF No. 4 at 2; ECF No. 6 at 3).

Plaintiff gives no indication as to which, if any, of these documents represent the complaint or the claims that he wishes to pursue in this case, as opposed to a complaint or claims for one of his other cases. Furthermore, none of the documents comply with

Federal Rules of Civil Procedure 8 and 10. Accordingly, the Court does not accept any of the filed documents as an operative complaint in this case.

The Court gives Plaintiff a final extension of time to file a single complaint that complies with these rules and indicates the claims and defendants that Plaintiff is pursuing in this case. The Court reiterates for Plaintiff's benefit that he may not bring multiple different complaints in a single case. Nor may he bring the same complaint in multiple different cases. Rather, Plaintiff must bring a single, unique complaint in each of his cases.

**B. Plaintiff must either pay the $402 filing fee or file a financial certificate.**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee. *See id.* at § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed in forma pauperis." Nev. Loc. R. LSR 1-1. For an inmate to apply for *in forma pauperis status*, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed in Forma Pauperis for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. LSR 1-2. In forma pauperis status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. See 28 U.S.C. § 1915(b).

Plaintiff's IFP application is incomplete because he did not submit a financial certificate on this Court's approved form. (*See* ECF No. 5 at 4). Rather, Plaintiff submitted a financial certificate that purports to be for state court. (*Id.*) The Court grants Plaintiff a final extension of time to either pay the full $402 filing fee or file a completed

financial certificate on this Court's approved form.

**C. The requests for appointment of counsel are denied without prejudice.**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quotation omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff's filings include multiple requests for appointment of counsel for a variety of different claims. (ECF No. 4 at 11, 21, 32; ECF No. 6 at 9, 12, 22, 25, 27, 31, 35, 37, 40, 49). The Court finds that exceptional circumstances warranting the appointment of counsel do not currently exist. Plaintiff has neither settled the matter of the filing fee nor filed a complaint that clearly indicates the claims that Plaintiff is pursuing in this case. The requests for appointment of counsel are therefore denied without prejudice.

**D. The motion for consolidation is denied without prejudice.**

Plaintiff filed a motion requesting that this case be consolidated with seven other cases and proceed before a three-judge panel. (ECF No. 6 at 3). Federal Rule of Civil Procedure 42(a) provides that a court may consolidate the actions if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Plaintiff has not yet filed a single, complete complaint that indicates the claims that Plaintiff is pursuing in this case. As such, the Court cannot determine whether this case has any questions in common with Plaintiff's other cases, and the Court denies the motion without prejudice.

II. **CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's requests for appointment of

counsel (ECF No. 4, 6) are denied without prejudice.

It is further ordered that Plaintiff's incomplete application to proceed *in forma pauperis* (ECF No. 5) is denied without prejudice.

It is further ordered that Plaintiff's motion to consolidate cases (ECF No. 6) is denied without prejudice.

It is further ordered that, on or before **March 18, 2024**, Plaintiff will either pay the full $402 filing fee or file a complete application to proceed *in forma pauperis* on this Court's approved form.

It is further ordered that, on or before **March 18, 2024**, Plaintiff will submit a single complete complaint, indicating the claims and defendants that Plaintiff is pursuing in this specific action to this Court.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when he can file a complaint and either pay the required filing fee or file a complete application to proceed in forma pauperis.

It is further ordered that the Clerk of the Court will send Plaintiff Tyrone Noel Nunn the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same and the approved form application to proceed in forma pauperis for an inmate and instructions for the same.

DATED THIS 16th day of February 2024.

_____
UNITED STATES MAGISTRATE JUDGE