UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TYRONE NOEL NUNN, | Case No. 3:23-cv-00463-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ELY STATE PRISON DISTRICT OF NEVADA, | |
| Defendant. | |

*Pro Se* Plaintiff Tyrone Noel Nunn brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 1-1.) On October 12, 2023, this Court ordered Nunn to file a fully complete application to proceed *in forma pauperis* ("IFP application") or pay the full $402.00 filing fee on or before December 12, 2023. (ECF No. 3.) Nunn was warned the action could be dismissed if he failed to file a fully complete IFP application with all three documents or pay the full $402.00 filing fee for a civil action by that deadline. (*Id.* at 3.)

Plaintiff filed an incomplete IFP application, and on February 16, 2024, the Court gave Plaintiff an extension until March 18, 2024 to file a complete IFP application or pay the $402 filing fee. (ECF Nos. 5, 7.) The March 18, 2024 deadline has now passed, and Nunn did not file a fully complete IFP application, pay the $402.00 filing fee, request an extension, or otherwise respond to the Court's February 16, 2024 order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130.

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Nunn's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and

unless Nunn either files a fully complete IFP application or pays the $402.00 filing fee for a civil action, the only alternative is to enter a third order setting another deadline. But the reality of repeating two ignored orders is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Nunn needs additional time or evidence that he did not receive the Court's order. Setting a third deadline is not a meaningful alternative given these circumstances. The fifth factor thus favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff Nunn's failure to file a fully complete IFP application or pay the full $402.00 filing fee in compliance with this Court's October 12, 2023 and February 16, 2024 orders.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Nunn wishes to pursue his claims, Nunn must file a complaint in a new case.

DATED THIS 8th Day of May 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE